IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINA DAVIS, Individually and on behalf of the Estate of YONOK DAVIS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.; UNIFI AVIATION SECURITY, LLC; AIRCO AVIATION SERVICES, LLC; and JOHN DOES 1-6,<br><br>Defendants. | CASE NO. 1:25-cv-02090-TWT |

**DEFENDANTS' MOTION TO DISMISS**

**COME NOW**, Defendants Delta Air Lines, Inc., Unifi Aviation, LLC (incorrectly named as Unifi Aviation Security, LLC), and AirCo Aviation Services, LLC (collectively "Defendants"), and hereby file this Motion to Dismiss and Memorandum of Law in Support, pursuant to Fed. R. Civ. P. 12(b)(6):

**I.      INTRODUCTION**

Plaintiff alleges that Yonok Davis ("Decedent") fell out of a wheelchair at Hartsfield-Jackson Atlanta International Airport, while boarding her Delta Flight DL1196 ("Subject Flight") to Fort Meyers, Florida ("the Incident"). Ex. 2, ¶ 9-13. Plaintiff alleges that Defendants negligently caused Decedent's fall – and death one

year later – and breached their duties as common carriers under O.C.G.A. § 46-9-1 *et seq*. (Complaint, ¶¶ 13-20).

However, the Subject Flight was a part of an international journey. Specifically, Decedent flew home from South Korea, arrived in Atlanta on Korean Air, and was travelling to her connecting flight from Georgia to Florida when the Incident occurred. Thus, the Subject Flight was part of Decedent's international journey from Seoul, South Korea, to Florida.

As set forth herein, the federal Convention for the Unification of Certain Rules for Internation Carriage by Air, S. Treaty Doc. No. 106-45 (May 28, 1999) (hereinafter the "Montreal Convention"), is a multilateral treaty setting rules for international air travel, to which both the U.S. and South Korea are signatories. The Montreal Convention provides the exclusive law and remedies for claims arising out of accidents during applicable international air travel. S. Treaty Doc. No. 106-45.

The Montreal Convention was the basis for Defendants' removal to this Court, and it federally preempts all state law claims. Plaintiff's Complaint pleads only state law claims. Consequently, all of Plaintiff's pled claims are preempted by the Montreal Convention. Because all of Plaintiff's claims are federally preempted, Defendants request that the Court dismiss Plaintiff's Complaint for a failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II.     STATEMENT OF FACTS

On February 2, 2023, Decedent arrived at the Hartsfield-Jackson Atlanta International Airport. (Complaint, ¶ 9). Prior to February 2, 2023, Decedent had traveled to South Korea for a month-long visit. (**Exhibit A**, *Affidavit of Annie K. Strobl*, ¶ 4(1)). While in South Korea, Decedent fell and broke her femur which extended her stay in South Korea. (**Exhibit A**, ¶ 4(1)). Decedent's daughter, Plaintiff, travelled to South Korea to assist Decedent in returning home. (**Exhibit A**, ¶ 4(2)). Plaintiff scheduled their flights home to Florida for February 2, 2023, with the Subject Flight as the connecting Delta fight (DL1196) in Atlanta. (**Exhibit A**, ¶ 4(3); **Exhibit B**, *Affidavit of Melba Prevost-Collier,* ¶ 5). Decedent's bags were checked through to Florida from the proceeding flight from South Korea. (**Exhibit A**, ¶ 4(3); **Exhibit B**, ¶ 5).

After arriving in Atlanta on February 2, 2023, Decedent requested wheelchair assistance in boarding the Subject Flight. (Complaint, ¶ 10). The Incident occurred as Decedent was boarding the Subject Flight, which was a connecting portion of her international trip from South Korea to Florida. (**Exhibit A**, ¶ 4; **Exhibit B**, ¶ 5). Decedent allegedly fell out of the wheelchair during the course of being boarded, breaking her leg again. (Complaint, ¶ 12).

Decedent died eleven months later. (Complaint, ¶ 13). Plaintiff filed her Complaint on January 31, 2025, alleging Defendants' agents caused Decedent's fall

on February 2, 2023, and that the fall caused Decedent's death a year later. (*See generally* Complaint). Before filing their answers to Plaintiff's Complaint, Defendants removed this matter to this federal court on the basis of federal question jurisdiction. (Dkt. 1). Defendants now move to dismiss Plaintiff's Complaint on the basis that her claims are federally preempted and that she has failed to state a claim under the Montreal Convention.

### III.     ARGUMENT AND CITATION OF AUTHORITY

#### A.     Standard of Review

Generally, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, a court "may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

#### B.     The Montreal Convention

The Montreal Convention, with its basis in 49 U.S.C. § 40105, is the successor to the Warsaw Convention, and provides uniform rules regarding international carriage for its cosignatories. *See, e.g.*, *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165,

1167 (11th Cir. 2014) (describing the Montreal Convention as "a multilateral treaty setting rules for international air travel"). The United States and South Korea are two of the many signatories.[1]

The Montreal Convention provides the exclusive means for passengers to recover in applicable cases. Article 17 of the Montreal Convention provides that a carrier can be liable for damage sustained by passengers in cases where there has been (1) an accident; (2) that caused death or bodily injury; and (3) took place on the plane or in the course of any of the operations of embarking or disembarking. *Campbell*, 760 F.3d at 1172; S. Treaty Doc. No. 106-45. Article 29 of the Montreal Convention states that "any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention." S. Treaty Doc. No. 106-45.

This express preemption by federal law invalidates any state laws within its scope. *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1266 (11th Cir. 2023) (discussing express preemption generally). The Supreme Court has confirmed that the Montreal Convention provides the exclusive avenues of recovery for passengers who suffer a personal injury "on board the aircraft or in the course of any

---

[1] For a current list of state parties: https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf. South Korea is listed by its official name the Republic of Korea.

of the operations of embarking or disembarking." *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999) ("if not allowed under the Montreal Convention, [such recovery] is not available at all."). Because the Montreal Convention expressly provides the exclusive remedy for such injuries, it "precludes a passenger from maintaining an action for personal injury damages under local law[.]" *Id*. at 176.

### C. Plaintiff's Claims are Preempted

The Incident occurred while Decedent was boarding the Subject Flight. The Subject Flight was a connecting flight as a part of Decedent's undivided, international journey home from South Korea to Florida. (*See generally* Complaint). Plaintiff's alleged claims fall within the scope of the Montreal Convention, yet her action has not been brought in accordance with the conditions of the Montreal Convention. *See Omolu v. Delta Air Lines, Inc*., No. 1:12-CV-2828-WSD, 2013 WL 12061846 (N.D. Ga. June 26, 2013) (dismissing all claims as preempted by the Montreal Convention); *Bintu v. Delta Airlines, Inc*., No. 1:19-CV-04775-SDG, 2020 WL 3404925, at *5 (N.D. Ga. June 12, 2020) ("The Montréal Convention exclusively governs the issue of liability for personal injury claims occurring while onboard an aircraft during an international flight."); *Pettaway v. Miami Air Int'l, Inc*., 624 F. Supp. 3d. 1268, 1281 (M.D. Fla. 2022) ("The Eleventh Circuit and district courts thereunder have enforced the Montreal Convention's preemptive effect by dismissing a plaintiff's state law claims."). Plaintiff's claims are all

preempted by the Montreal Convention, and no set of facts could support the cause of action asserted by Plaintiff in her Complaint. Defendants therefore request that Plaintiff's Complaint be dismissed for its failure to state a claim.

### IV.    CONCLUSION

All of Plaintiff's alleged claims of negligence against Defendants under Georgia law are preempted by the Montreal Convention. Because her claims are preempted by federal law, Defendants request that the Court dismiss Plaintiff's Complaint for its failure to state a claim.

Respectfully submitted this 22nd day of April, 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Justin M. Kerenyi*
JUSTIN M. KERENYI
Georgia Bar No. 416623

*Counsel for Defendants Delta Air Lines, Inc., Unifi Aviation Security, LLC, and AirCo Aviation Services, LLC*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
jkerenyi@hallboothsmith.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted this 22nd day of April, 2025.

                                          **HALL BOOTH SMITH, P.C.**

                                          */s/ Justin M. Kerenyi*
                                          JUSTIN M. KERENYI
                                          Georgia Bar No. 416623

                                          *Counsel for Defendants Delta Air Lines, Inc., Unifi Aviation Security, LLC, and AirCo Aviation Services, LLC*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
jkerenyi@hallboothsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANTS' MOTION TO DISMISS** upon counsel for all parties by depositing a true copy of the same in the in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Benjamin F. Williams<br>
<b>Bross, McAllister & Williams LLC</b><br>
5400 Laurel Springs Pkwy<br>
Building 100, Suite 102<br>
Suwanee, GA 30024<br>
ben@bmwlawgroup.com

Andrew J. Conn<br>
<b>CONN LAW, LLC</b><br>
Post Office Box 8031<br>
Savannah, Georgia 31412<br>
andy@connlawfirm.com

Respectfully submitted this this 22nd day of April, 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Justin M. Kerenyi*
JUSTIN M. KERENYI
Georgia Bar No. 416623

*Counsel for Defendants Delta Air Lines, Inc., Unifi Aviation, LLC, and AirCo Aviation, LLC*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
jkerenyi@hallboothsmith.com