# EXHIBIT E



Justin M. Kerenyi
Phone: (404) 954-6961
JKerenyi@hallboothsmith.com

191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303-1775

Office: (404) 954-5000
Fax: (404) 954-5020
www.hallboothsmith.com

May 9, 2025

**VIA REGISTERED AGENT**
**VIA FEDERAL EXPRESS (Tracking No. 881149953199)**
**Min Jung Ok**
**4500 ASR Rd**
**Bldg B #205**
**Atlanta, GA 30320**

**ATTN: Records Custodian**
**KOREAN AIR LINES CO., LTD.**
**1030 Delta Blvd. Korean Air Dept.**
**762 4th Floor, Atlanta, GA 30354**

RE:   *Christina Davis, individually and on behalf of the estate of Yonok Davis, deceased v. Delta Air Lines, Inc., Unifi Aviation Security, LLC, AirCo Aviation Services, LLC, and John Does 1-6*
United States District Court for the Northern District of Georgia, Atlanta Division
Civil Action No.1:25-cv-02090-TWT

Dear Sir or Madam:

Enclosed please find a *Subpoena Duces Tecum* in the above-referenced matter requesting all of your records relating to the records of Plaintiff Christina Davis and decedent Yonok Davis's flight with Korean Airlines on or about February 2, 2023. The specific records to be produced are more fully described in **Exhibit A** to the subpoena. Additionally, please have the certificate of authenticity attached to the subpoena executed. We have served this subpoena through overnight delivery to avoid any inconvenience, but we can arrange for personal service, if you so desire.

In lieu of producing the records for inspection and copying at the location listed in the subpoena, you may transmit the records in a .pdf format electronically to my email at jkerenyi@hallboothsmith.com, or via portable electronic storage device. We are also prepared to pay you reasonable retrieval/copying costs for the records; however, should you require pre-payment, please contact our office so that we can arrange this.

Please feel free to reach out to me should you have any questions.

Sincerely,
Justin M. Kerenyi

ATLANTA, GA

ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA | MONTANA | NEW JERSEY | NEW YORK
NORTH CAROLINA | OKLAHOMA | SOUTH CAROLINA | TENNESSEE

# EXHIBIT A

1.

**DOB:** ▮) flights on or about February 2, 2023 with Korean Airlines from Incheon International Airport to Hartsfield-Jackson Atlanta International Airport[1] and/or her subsequent connecting flight that day with Delta Air Lines from Atlanta to Fort Meyers, Florida (DL1196) (hereinafter collectively referred to as the "**Subject Flights**"); expressly including but not limited to any airline flight tickets, boarding passes, Passenger Name Records ("PNRs"), travel itinerary, reservation, booking and/or purchasing documentation, flight check-in documentation, and customs documentation.

2.

Any and all documentation regarding Yonok Davis's request for medical assistance, mobility assistance or other assistance with boarding or deboarding in connection with the Subject Flights.

3.

Any and all tickets, PNRs, flight itineraries, or other flight logs for Yonok Davis on Korean Airlines from February 2, 2018, until February 2, 2023.

4.

Any and all documentation related to Christina Davis's travel on the Subject Flights; expressly including but not limited to any airline flight tickets, boarding passes, Passenger Name Records ("PNRs"), travel itinerary, reservation, booking and/or purchasing documentation, flight check-in documentation, and customs documentation.

5.

Any and all documentation regarding Chrstina Davis's requests for medical assistance, mobility assistance or other assistance with boarding or deboarding for Yonok Davis in connection with either of their travel on the Subject Flights.

6.

Any and all documentation regarding any communications between Korean Airlines agents and Yonok Davis and/or Christina Davis regarding the Subject Flights.

---

[1] Note: It is our understanding that Ms. Yonok Davis had a Korean Airline frequent flyer number: KE▮. Also, Delta's PNRs for Ms. Yonok and Christina Davis reference the following Korean Airline numbers KE715322 or KE0035. We provide this info only to the extent that it might assist with your search; however, our request is not limited to these reference numbers, especially if they do not identify the subject flight, or passenger. Instead, our request is as stated for the passenger, date and location provided.

7.

Any and all documentation regarding any communications between Korean Airlines and Delta Air Lines regarding Yonok Davis and/or Christina Davis relating to the Subject Flights.

8.

Any and all documentation regarding Yonok Davis's and/or Christina Davis's baggage and the Subject Flights, including it being checked through or otherwise transferred upon arriving in Atlanta from their arriving Korean Airlines flight to their subsequent connecting flight with Delta Air Lines departing to Florida.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHRISTINA DAVIS, Individually and on behalf of the Estate of YONOK DAVIS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., UNIFI AVIATION SECURITY, LLC; AIRCO AVIATION, LLC; and JOHN DOES 1-6,<br><br>Defendants. | CASE NO. 1:25-cv-02090-TWT |

**AFFIDAVIT OF RECORDS CUSTODIAN**

I, the undersigned, being the duly authorized custodian of records for **KOREAN AIR LINES CO., LTD.,** and being duly sworn, do affirm and state upon my oath as follows:

1.

The records attached hereto, numbering a total of _____ pages, are true and correct copies of redacted/unredacted (circle one) records pertaining **to Christina and Yonok Davis**.

2.

The records were made at or near the time of the acts, events, conditions, opinions, or diagnoses described therein.

3.

The records were made by, or from information transmitted by, a person with personal knowledge and a business duty to report.

4.

The records were kept in the course of regularly conducted activity.

5.

It was the regular practice of that activity to make these records.

This \_\_\_\_\_ day of _____, 2025.

_____
(Signature)

_____
(Printed name and title)

Sworn to and subscribed before me
this \_\_\_\_ day of _____, 2025.

_____
NOTARY PUBLIC

My commission expires: _____

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **SUBPOENA FOR THE PRODUCTION OF DOCUMENTS** upon all counsel of record by Statutory Electronic Service and/or depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of records as follows:

Benjamin F. Williams
**Bross, McAllister & Williams LLC**
5400 Laurel Springs Pkwy
Building 100, Suite 102
Suwanee, GA 30024
ben@bmwlawgroup.com

Andrew J. Conn
**CONN LAW, LLC**
Post Office Box 8031
Savannah, Georgia, 31412
andy@connlawfirm.com

Respectfully submitted, this 9th day of May, 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Justin M. Kerenyi*
JUSTIN M. KERENYI
Georgia Bar No. 416623

*Counsel for Defendants Delta Air Lines, Inc., Unifi Aviation, LLC, and AirCo Aviation Services, LLC*

191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
jkerenyi@hallboothsmith.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| CHRISTINA DAVIS | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-02090-TWT |
| Delta Air Lines, Inc., Unifi Aviation Security, LLC, AirCo Aviation Services, LLC, and John Does 1-6 | ) ) ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: KOREAN AIR LINES CO., LTD.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Exhibit A

| Place: Hall Booth Smith, P.C., 191 Peachtree Street, Suite 2900, Atlanta, Georgia 30303-1775 | Date and Time: 05/26/2025 3:43 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____  /s/ Justin M. Kerenyi
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Delta, Unifi, and AirCo                                         , who issues or requests this subpoena, are:
Justin M. Kerenyi, jkerenyi@hallboothsmith.com, (404) 954-5000, 191 Peachtree Street NE, Suite 2900, Atlanta, GA

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-02090-TWT

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINA DAVIS, Individually and on behalf of the Estate of YONOK DAVIS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., UNIFI AVIATION SECURITY, LLC; AIRCO AVIATION, LLC; and JOHN DOES 1-6,<br><br>Defendants. | CASE NO. 1:25-cv-02090-TWT |

## AFFIDAVIT OF RECORDS CUSTODIAN

I, the undersigned, being the duly authorized custodian of records for **KOREAN AIR LINES CO., LTD.**, and being duly sworn, do affirm and state upon my oath as follows:

1.

The records attached hereto, numbering a total of __3__ pages, are true and correct copies of redacted/unredacted (circle one) records pertaining **to Christina and Yonok Davis**.

2.

The records were made at or near the time of the acts, events, conditions, opinions, or diagnoses described therein.

3.

The records were made by, or from information transmitted by, a person with personal knowledge and a business duty to report.

4.

The records were kept in the course of regularly conducted activity.

5.

It was the regular practice of that activity to make these records.

This **22th** day of **May**, 2025.

_____오2/076_____
(Signature)

**JIYOUNG LIM,   Korean Air Chief Privacy Officer**
(Printed name and title)

Sworn to and subscribed before me
this ____ day of _____, 2025.

_____
NOTARY PUBLIC

My commission expires: _____

**KOREAN AIR**

May 22, 2025

HALL BOOTH SMITH, P.C ATTORNEYS AT LAW

Justin M. Kerenyl

191 Peachtree St. NE Suite 2900

Atlanta, GA 30303-1775

**Subject : Response to Subpoena Duces Tecum (1:25-cv-02090-TWT)**

    Thank you for your Subpoena dated May 9, 2025. Korean Air has thoroughly reviewed the records and would like to provide the following response:

**1. Documentation related to flights on Feb 2, 2023**

○ Booking Records

| Boarding Date | FLT # | Departure | Arrival | Time | Cabin Class | Booking Reference |
|---|---|---|---|---|---|---|
| 2023.02.02 | KE0035 | ICN | ATL | 09:45 | Prestige | 5N89WK |

\* No booking record of the Subject Flight(DL1196) exists in Korean Air system.

○ Purchasing Records

| Issue Date | Agency | Form of Payment | |
|---|---|---|---|
| 2023.01.27 | Korean Air Call Center | Credit Card | |
| | | Number | |
| | | Expiration Date | |
| | | Authentication # | |
| | | Amount | KRW |

○ Flight Check-in Records

| Boarding Time | Channel | Seat Number | Bag |
|---|---|---|---|
| 2023.01.27 07:52 KST | Airport Counter | 011E | 1 Piece / 25KG |

**KOREAN AIR**

## 2. Special Assistance Request with the Subject Flights

Korean Air accepts special assistance requests only for flights operated by Korean Air.

## 3-4. Flight Logs including Subject Flights (2018.2 - 2023. 2)

| Boarding Date | FLT # | Departure | Arrival | Time | Booking Reference |
|---|---|---|---|---|---|
| 2018.03.13 | DL2336 | RSW | ATL | 07:30 | SMF387 |
| 2018.03.13 | KE0036 | ATL | ICN | 12:55 | SMF387 |
| 2018.06.14 | KE0035 | ICN | ATL | 09:20 | OWWXYU |
| 2018.06.14 | DL1765 | ATL | RSW | 12:29 | OWWXYU |
| 2019.04.30 | DL2441 | RSW | ATL | 08:30 | MJIKNP |
| 2019.04.30 | KE0036 | ATL | ICN | 12:30 | MJIKNP |
| 2019.06.18 | KE0035 | ICN | ATL | 09:20 | N854UH |
| 2019.06.18 | DL1050 | ATL | RSW | 12:32 | N854UH |
| 2021.08.17 | KE7018 | RSW | ATL | 09:00 | 3F676S |
| 2021.08.17 | KE0036 | ATL | ICN | 12:30 | 3F676S |
| 2021.09.28 | KE0035 | ICN | ATL | 09:20 | 3F676S |
| 2021.09.28 | KE7135 | ATL | RSW | 12:31 | 3F676S |
| 2023.02.02 | KE0035 | ICN | ATL | 09:45 | 5N89WK |

## 5-7. Subject Flights Records

Korean Air is unable to verify records related to the subject flight, except for the travel itinerary. Additional services like seat assignment, special assistance are managed by the partner airlines. Korean Air retains and exchanges only the information necessary for mileage accrual and redemption with the partner airlines.

**8. Baggage Records**

| Boarding Date | On Board FLT # | Baggage Check-in | Baggage Destination |
|---|---|---|---|
| 2018.03.13 | DL2336 / KE0036 | Retention period expired ||
| 2018.06.14 | KE0035 / DL1765 |||
| 2019.04.30 | DL2441 / KE0036 | RSW | ICN |
| 2019.06.18 | KE0035 / DL1050 | ICN | RSW |
| 2021.08.17 | KE7018 / KE0036 | RSW | ICN |
| 2021.09.28 | KE0035 / KE7135 | ICN | RSW |
| 2023.02.02 | KE0035 | ICN (Baggage) | RSW |
| 2023.02.02 | KE0035 | ICN Gate (Wheelchair) | ATL |

Sincerely,

JIYOUNG LIM

Information Protection & Security

Chief Privacy Officer (CPO) / Chief Information Security Officer (CISO)

Korean Air