IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTINA DAVIS,
*Individually and on behalf of the Estate
of Yonok Davis, deceased,*

     Plaintiff,

     v.

DELTA AIR LINES, INC., et al.,

     Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-2090-TWT

## OPINION AND ORDER

This' is a wrongful death action. It is before the Court on Defendants Delta Air Lines, Inc., Unifi Aviation, LLC,[1] and AirCo Aviation Services' Motion to Dismiss [Doc. 2], Plaintiff Christina Davis's Motion to Remand [Doc. 11], the Defendants' Motion to Stay Proceedings [Doc. 5], the Amended Motion to Stay Proceedings [Doc. 13], and the Defendants' Motion for Hearing [Doc. 16]. For the reasons set forth below, the Defendants' Motion to Dismiss [Doc. 2] is GRANTED, and the Plaintiff's Motion to Remand [Doc. 11] is DENIED. The Court further DENIES as moot the Defendants' Motion to Stay Proceedings [Doc. 5], the Amended Motion to Stay Proceedings [Doc. 13], and the Defendants' Motion for Hearing [Doc. 16].

---

[1] The Defendants clarify (and the Plaintiff does not contest) that Unifi Aviation, LLC is the correct entity, not Unifi Aviation Security, LLC as alleged in the Complaint.

# I.    Background[2]

At the time of the incident, Decedent Yonok Davis was at the Hartsfield-Jackson Atlanta International Airport in the process of embarking on a flight to Florida. (Compl. ¶¶ 9–12 [Doc. 1-2].) An agent identified in the Complaint as Defendant John Doe 6 was transporting Davis—who was eighty-seven years old—in a wheelchair down the jetway to her plane. (*Id.* ¶¶ 9, 11.) According to the Complaint, "Doe 6 failed to properly adjust the wheelchair while traveling down and over the gaps of the declining jetway, causing Yonok [Davis] to fall out of the wheelchair, fracturing her right tibia and femur." (*Id.* ¶ 12.) Davis died a year later of her injuries. (*Id.* ¶ 13.)

Plaintiff Christina Davis, on behalf of herself and the Estate of Yonok Davis, filed suit in Clayton County State Court against Defendants Delta Air Lines, Inc., Unifi Aviation, LLC, AirCo Aviation Services, and Does 1–6. The Complaint includes state law claims for negligence and wrongful death. The Defendants timely removed this action on the basis of federal question jurisdiction under the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"). (Not. of Removal, at 1 [Doc. 1] (citing Montreal Convention, May 28, 1999, S. Treaty Doc. No. 106–45, 2242 U.N.T.S. 350).) Since then, the parties have filed various motions,

---

[2] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

including a Motion to Dismiss [Doc. 2] and Motion to Remand [Doc. 11], which chiefly revolve around whether the Montreal Convention applies.

## II.    Legal Standard

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and the Congress of the United States have authorized them to hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994). Where no federal question exists, diversity jurisdiction can be invoked where there is complete diversity among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the

3

possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.   Discussion

The Montreal Convention is a 1999 multilateral treaty that governs air carrier liability for "international carriage" that results in "injury to passengers" or "damage to cargo." *Eli Lilly and Co. v. Air Express Int'l USA, Inc.*, 615 F.3d 1305, 1308 (11th Cir. 2010); *see also* Montreal Convention art. 1(1) ("This Convention applies to all international carriage of persons, baggage or cargo performed by aircraft . . ."). It is the successor to the Convention for the Unification of Certain Rules Relating to International

Transportation by Air ("Warsaw Convention"), Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11. *Eli Lilly*, 615 F.3d at 1308. Article 17 of the Montreal Convention provides for carrier liability for "death or bodily injury of a passenger" caused by an accident "on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention art. 17(1). Article 29 further provides that the Convention is the exclusive avenue for recovery, preempting all other forms of relief. *See Est. of Hedayatzadeh ex rel. Hedayatzadeh v. Deutsche Lufthansa Aktiengesellschaft*, 2017 WL 6994571, at *2 (N.D. Ga. Nov. 30, 2017) (quoting *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 161 (1999)) (relying on authority interpreting a substantially similar article in the Warsaw Convention). As a result, the Convention will preempt all of Davis's claims if it applies to this case. If it does not apply, the case should be remanded for lack of subject matter jurisdiction, as the Defendants' only basis for removal was federal question jurisdiction under the Montreal Convention. (*See* Not. of Removal, at 1.)

The key question is whether the Decedent's flight constitutes "international carriage," thus determining whether the Montreal Convention applies and preempts all claims in the Complaint. On the face of the Complaint, the flight appears to be a simple domestic journey between Georgia and Florida. (*See* Compl. ¶ 9.) However, flight records attached to the

Defendants' Motion to Dismiss show that the Decedent's scheduled flight to Florida departed less than four hours after she had arrived on a separate flight from South Korea. (*See* Reply Br. in Supp. of Defs.' Mot. to Dismiss, Ex. C ("Ex. C PNRs") ¶ 10 [Doc. 14-1].) According to the Defendants, the Decedent's stop in Georgia was merely a connecting stop on her international journey between South Korea and Florida. (Reply Br. in Supp. of Defs.' Mot. to Dismiss, at 8–10 [Doc. 14].)

As an initial matter, the Court finds it proper to consider the Passenger Name Records ("PNRs") supplied by the Defendants in Exhibit C of their Motion to Dismiss briefing.[3] Courts ordinarily cannot consider documents outside the pleadings on a motion to dismiss. Fed. R. Civ. P. 12(d). However, the Eleventh Circuit has held that courts may do so if the document is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Here, the PNRs are central to Davis's claims, as they contain "the necessary information omitted from Plaintiff's Complaint concerning the applicable contract of carriage concerning Decedent's travel on

---

[3] Ordinarily, the Court would not consider new exhibits in a reply brief, as the Defendants did here, nor an unauthorized surreply, as the Plaintiff did here. Nevertheless, the Court will consider Exhibit C from the Defendants' reply brief and the Plaintiff's surreply brief in this instance. The Court also notes that Exhibit C is not entirely new, as the records were previously summarized in an affidavit (Exhibit B) attached to the Defendants' opening brief.

the date of incident." (Reply Br. in Supp. of Defs.' Mot. to Dismiss, at 3–4 (citations omitted).) And neither party disputes the authenticity of the PNRs. While Davis argues that the Complaint makes no allegations of a South Korea–Georgia leg of the trip, she does not contest the existence of a South Korea–Georgia leg nor the authenticity or veracity of any of the records presented by the Defendants. (*See* Pl.'s Resp. Br. in Opp'n to Defs.' Mot. to Dismiss, at 1–3 [Doc. 10]; Pl.'s Surreply Br. in Opp'n to Defs.' Mot. to Dismiss, at 2 [Doc. 17].) Rather, her briefs appear to presume the fact of the first South Korea–Georgia flight and argue that the second Georgia–Florida flight was not part of her larger international journey. (*See* Pl.'s Resp. Br. in Opp'n to Defs.' Mot. to Dismiss, at 4–6; Pl.'s Surreply Br. in Opp'n to Defs.' Mot. to Dismiss, at 2–3.) Therefore, the Court will consider whether the Montreal Convention applies with the flight records in mind.

Turning to the definition of "international carriage," the Court looks first to the text of the Montreal Convention itself. Article I of the Montreal Convention defines "international carriage" as including flights in which "the place of departure and the place of destination, whether or not there be a break in the carriage . . . , are situated either within the territories of two State Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State." Montreal Convention art. 1(2). Importantly, even if a flight is "performed by several successive

carriers" and under "a series of contracts," it is considered "one undivided carriage if it has been regarded by the parties as a single operation."[4] *Id.* art. 1(3). A flight "does not lose its international character merely because one contract . . . is to be performed entirely within the territory of the same State." *Id.*

This Court and others agree that the parties' objective intent, rather than subjective intent, determines whether a series of flights "has been regarded by the parties as a single operation." *Kinzinger-Lignon v. Delta Airlines, Inc.*, 2012 WL 1681863, at *4 (N.D. Ga. May 11, 2012); *Auster v. Ghana Airways Ltd.*, 514 F.3d 44, 46 (D.C. Cir. 2008) (citing *Robertson v. Am. Airlines, Inc.*, 401 F.3d 499, 502, 504 n.3 (D.C. Cir. 2003)); *Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 986 (9th Cir. 2004) (citations omitted). Objective evidence of the parties' intent includes the "PNR [passenger name report], the length of the layover, the itinerary, the electronic tickets, the boarding passes,

---

[4] The corresponding article in the Warsaw Convention, on which cases prior to 1999 rely, is substantially similar:

> Transportation to be performed by several successive air carriers shall be deemed, for the purposes of this convention, to be one undivided transportation, if it has been regarded by the parties as a single operation, whether it has been agreed upon under the form of a single contract or of a series of contracts, and it shall not lose its international character merely because one contract or series of contracts is to be performed entirely within a territory subject to the sovereignty, suzerainty, mandate, or authority of the same High Contracting Party.

Warsaw Convention art. 1(3).

and the baggage tag for the return flights." *Kinzinger*, 2012 WL 1681863, at *4 (alteration in original) (quoting *Gustafson v. Am. Airlines, Inc.*, 658 F. Supp. 3d 276, 286 (D. Mass. 2009)).

Here, the objective evidence indicates that the Decedent and the carrier regarded the Atlanta stop as part of a single international operation. The Decedent's scheduled layover in Atlanta was less than four hours. (Ex. C PNRs ¶ 10.) Her baggage was booked to be checked through from Korea to Florida. (*Id.* ¶ 11.) Moreover, Delta's PNRs for the Decedent lists both her Korea–Georgia flight and her Georgia–Florida flight, along with the Korean Air baggage numbers. (*Id.*) These facts evince both parties' shared understanding that the Decedent's flights from Korea to Georgia to Florida were a single operation and thus international carriage under the Montreal Convention. *See Gustafson*, 658 F. Supp. 2d at 286–87 (holding that a domestic flight was part of a single international operation because the plaintiff booked both flights at the same time, she checked in with her passport for the domestic leg, her bags were checked through to Mexico, her baggage tags listed both flights, and her layover was a few hours); *see also id.* at 286 ("Common sense dictates that when a traveler plans such a short layover between the parts of a journey, the traveler regards the layover as merely an intermediate stop and not his or her destination." (citation omitted)). *But see Kinzinger*, 2012 WL 1681863, at *4 (holding that a domestic flight was not part of a single international operation

9

because the plaintiffs could not produce ticketing records that suggested the flights were part of one international journey and the supposed "layover" lasted two months, was "longer than the rest of [the Plaintiffs'] visit to the United States," and was understood as a separate vacation to visit a relative).

The carriage constitutes a single operation notwithstanding the fact that the flights were apparently booked at separate times and on separate airlines. *See Robertson*, 401 F.3d at 502–03 (holding that a domestic flight was part of a single international operation despite separate tickets for the domestic and international leg because, among other things, the layover was only three hours). Separate tickets are expressly contemplated by the Montreal Convention and do not prevent a court from finding that a series of flights constitutes a single operation. *See* Montreal Convention art. 1(3). And the Court readily distinguishes the cases that Davis cites to the contrary, as the courts in those cases could not identify evidence that the carrier knew of the international leg or otherwise treated the domestic and international legs as one operation. *See Santleben v. Continental Airlines, Inc.*, 178 F. Supp. 2d 752, 755–56 (S.D. Tex. 2001); *Lin Zhang v. Air China Ltd.*, 866 F. Supp. 2d 1162, 1167–68 (N.D. Cal. 2012).

Given the above, the Court grants the Defendants' Motion to Dismiss, finding that the Montreal Convention applies and preempts all of Davis's causes of action. *See Omolu v. Delta Air Lines, Inc.*, 2013 WL 12061846, at *3

10

(N.D. Ga. June 26, 2013) (dismissing the plaintiffs' state law claims as preempted by the Montreal Convention); *Pettaway v. Miami Air Int'l, Inc.*, 624 F. Supp. 3d 1268, 1281 (M.D. Fla. 2022) (collecting case regarding the same). It does not matter that Davis could theoretically recover under the Montreal Convention; she did not plead a cause of action under the Montreal Convention. Additionally, the Court denies the Plaintiff's Motion to Remand, finding that the Montreal Convention authorizes federal question jurisdiction. Davis's request for leave to amend is also denied at this time, as the request was improperly presented in the Plaintiff's response brief to the Defendants' Motion to Dismiss rather than through a motion pursuant to Fed. R. Civ. P. 7(b).

## IV.    Conclusion

For the reasons set forth above, Defendants Delta Air Lines, Inc., Unifi Aviation, LLC, and AirCo Aviation Services' Motion to Dismiss [Doc. 2] is GRANTED, and Plaintiff Christina Davis's Motion to Remand [Doc. 11] is DENIED. The Court further DENIES as moot the Defendants' Motion to Stay Proceedings [Doc. 5], the Amended Motion to Stay Proceedings [Doc. 13], and the Defendants' Motion for Hearing [Doc. 16].

SO ORDERED, this ___10th___ day of October, 2025.

THOMAS W. THRASH, JR.
United States District Judge